UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT LEE JACKSON, JR.,

      Petitioner,

v.                           Case No: 5:13-cv-234-Oc-29PRL

SECRETARY,          FLORIDA
DEPARTMENT  OF  CORRECTIONS
and   FLORIDA   ATTORNEY
GENERAL,

      Respondents.[1]

_____

**OPINION AND ORDER**

**I.  Background**

Petitioner Robert Lee Jackson, Jr., initiated this action proceeding *pro se* by filing a § 2254 habeas corpus petition (Doc. #1) on May 20, 2013.[2]  Petitioner challenges his conviction of

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."  <u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  <u>Id.</u> at 435-436.  In this case, the proper Respondent is the Secretary of the Florida Department of Corrections.  The Florida Attorney General is dismissed from this action.

[2] Petitioner previously filed a § 2254 petition in federal court in case number 5:09-cv-483-OC-23GRJ, which was dismissed

perjury and related ten-year sentence entered in the Fifth Judicial Circuit Court located in Sumter County, Florida.  See Petition at 1.  The Petition raises the following two grounds for relief:

> (1)  The State of Florida conspired to kidnap the Petitioner from the state of Georgia, thereby securing jurisdiction; and

> (2)  The State of Florida violated the Federal Anti-kidnapping Act pursuant to 18 U.S.C § 1201.

Petition at 3, 7.

Respondent filed a response (Doc. #10) opposing the Petition and attached supported exhibits (Doc. #10-1), including pertinent trial and postconviction records.  Respondent first argues that the Petition is time-barred, but does not provide further elaboration or any calculation using filing or disposition dates to establish untimeliness.  Response at 10.  Respondent alternatively asserts that Petitioner's two grounds for relief were not properly exhausted before the Florida courts and are now procedurally-barred.  Therefore, Respondent argues that the Court must dismiss the Petition without addressing the merits.

The Court finds that the Petition does not raise a cognizable claim under 28 U.S.C. § 2244(d).  Additionally, the Court agrees with Respondent and finds Petitioner has not properly exhausted

---

under Rose v. Lundy, 455 U.S.509 (1982), in order to allow Petitioner to exhaust his claim.  Exh. DDD.

either claim before the Florida courts.  Consequently, the claims
are unexhausted and are now procedurally defaulted.

## II.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the
Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Abdul-Kabir v.
Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S.
782, 792 (2001).  Consequently, post-AEDPA law governs this
action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792;
Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not
be granted with respect to a claim adjudicated on the merits in
state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States; or

> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  Cullen v. Pinholster, 563 U.S. 170, 181
(2011).  "This is a difficult to meet, and highly deferential
standard for evaluating state-court rulings, which demands that

the state-court decisions be given the benefit of the doubt." _Id._ (internal quotations and citations omitted). _See also_ _Harrington v. Richter_, 562 U.S. 86, 102 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." _Childers v. Floyd_, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. _Id._; _see also_ _Ferguson v. Culliver_, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." _Childers v. Floyd_, 642 F.3d at 969 (quoting _Early v. Packer_, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." _Thaler v. Haynes_, 559 U.S. 43, 47 (2010); _see also_ _Carey v. Musladin_, 549 U.S. 70, 74 (2006) (citing _Williams v. Taylor_, 529 U.S. 362, 412 (2000)) (recognizing

- 4 -

"[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 562 U.S. at 86. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting

the presumption by clear and convincing evidence.   28 U.S.C. §
2254(e)(1).

### B.  Federal Claim Must Be Exhausted in State Court

Ordinarily, a state prisoner seeking federal habeas relief
must first "'exhaus[t] the remedies available in the courts of the
State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts
'the first opportunity to address the correct alleged violations
of [the] prisoner's federal rights.'"  Walker v. Martin, 562 U.S.
307, 316 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 731
(1991)).  This imposes a "total exhaustion" requirement in which
all of the federal issues must have first been presented to the
state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).
"Exhaustion requires that state prisoners must give the state
courts one full opportunity to resolve any constitutional issues
by invoking one complete round of the State's established appellate
review process.  That is, to properly exhaust a claim, the
petitioner must fairly present every issue raised in his federal
petition to the state's highest court, either on direct appeal or
on collateral review."  Mason v. Allen, 605 F.3d 1114, 1119 (11th
Cir. 2010) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)
and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same*
federal claim to the state court that he urges the federal court

to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement."  Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ."  Smith, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.  House v. Bell, 547

U.S. 518, 536-37 (2006); <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008).

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.  <u>House</u>, 547 U.S. at 536; <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

### III.  Findings of Fact and Conclusions of Law

The Petition raises two grounds for relief, which are both related to the extent both grounds allege Petitioner was "kidnapped" from Georgia to go to trial on his criminal charges in Florida.  In Ground One, Petitioner claims that the State of Florida "conspired to kidnap" him from Georgia in order to "secure jurisdiction."  Petition at 5.  In Ground Two, Petitioner alleges the State of Florida violated the Federal Anti-Kidnapping Act set forth in 18 U.S.C. § 1201.  <u>Id.</u> at 7.  Petitioner specifically claims, "the State of Florida, acting without a Governors [sic] rendition warrant from the demanding or asylum state, crossed intrastate jurisdiction boundaries, seizing Petitioner, and transporting him for "otherwise" [sic] purposes."  <u>Id.</u>  Respondent opposes both grounds and argues that the claims are not cognizable

and were not properly exhausted is now procedurally defaulted. Response at 12-13.

Grounds One and Two do not raise a cognizable issue under 28 U.S.C. § 2254(d) because neither claims that the State court's decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor, do the grounds assert that the State court's decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d).

Even if the Court liberally construed either ground to raise an issue concerning the extradition of Petitioner from Georgia to Florida for his criminal trial, Petitioner does not explain how the State violated federal law. Nor does the record indicate Petitioner properly exhausted his claims before the State courts.

The record shows that Petitioner filed a motion for postconviction relief in the Third Judicial Circuit Court entitled "emergency petition for writ of habeas corpus," in which he alleged he was "in custody in violation of the United States Constitution, Laws and Treaties of the Uniform Criminal Extradition [A]ct, and the Federal Anti-Kidnapping Act." Exh. KK at 1. The Third Judicial Circuit Court dismissed the emergency petition finding

that Petitioner should have raised this claim on appeal.  Exh. LL at 1.  The Court specifically found:

> Habeas proceedings may not be used to present issues that should have been raised in a Rule 3.850 motion or claims that should have been raised on appeal, nor may it be used to obtain a second appeal.  Richardson v. State, 918 So.2d 999, 1002-1003 (Fla. 5th DCA 2006).  See also Baker v. State, 878 So.2d 1236 (Fla. 2004); Wilson v. Crosby, 2006 WL 3219602 (N.D. Fla. Nov. 3, 2006).  The proper disposition for such claim is dismissal, rather than denial.  McLeod v. State, 899 So. 2d 506 (Fla. 5th DCA 2005).

Exh. LL at 2.  Petitioner appealed the adverse ruling.  Exh. NN. The State filed a response brief.  Exh. OO. Petitioner filed a reply brief.  Exh. PP.  The appellate court dismissed the appeal subject to Petitioner's other pending appeal in case number 5D07-1769, in which he raised the same issue.  Exh. QQ.  The appellate court in case number 5D07-1769, issued an order *per curiam* affirming the lower court's order.  Exh. M.

The record before the Court shows that the State court dismissed Petitioner's "kidnapping" claims because they were improperly raised in an emergency habeas corpus petition and not on direct appeal.  As discussed above, a petitioner who fails to raise his federal claims in the state court is procedurally barred from pursuing the same claim in federal court absent a showing of

cause and prejudice, or a fundamental miscarriage of justice. _Supra_ at 7-9.

A procedural default can arise in different ways. A claim may be procedurally defaulted when a state court correctly applies a procedural default principle of state law and concluded that the petitioner's federal claims are barred in its order dismissing the petitioner's postconviction claim. _Bailey v. Nagle_, 172 F.3d 1299, 1302-1303 (11th Cir. 1999). When a state court makes this determination, the federal court must determine whether the last state court rendering judgment "clearly and expressly" stated that its judgment rested on a procedural bar. _Id._ Second, a claim may be procedurally defaulted when a petitioner never raised the claim in state court and it is obvious that the unexhausted claim would now be procedurally defaulted in state court. _Id._ at 1303.

The Court finds Grounds One and Two are procedurally defaulted because the Florida court's order clearly and expressly determined that the claim was improperly raised and therefore procedurally defaulted. Specifically, as quoted above, the postconviction court found Petitioner improperly raised his claim in an "emergency habeas corpus petition" when the claim should have and could have been raised on appeal. The postconviction court's order cited to Florida case law. _Supra_ at pp. 8-9 (citing Exh. LL).

Here, the Florida court properly applied a procedural default on Petitioner's kidnapping claims citing to Florida law. The order clearly and expressly found the claim was procedurally defaulted and dismissed the claim accordingly. Supra at pp. 8-9 (citing Exh. LL). Petitioner has not established cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural defaults of Grounds One and Two. Thus, this Court dismisses Grounds One and Two as procedurally defaulted.

Even if the Court addressed the merits of Grounds One or Two, the Petition is nevertheless denied to the extent Petitioner challenges the State court's jurisdiction and his extradition. "The Extradition Clause was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed." Michigan v. Doran, 439 U.S. 282, 287 (1978) (other citations omitted). The purpose was to "preclude any state from becoming a sanctuary for fugitives from justice of another state." Id. Extradition is intended to be "a summary and mandatory executive proceeding." Michigan v. Doran, 439 U.S. 282, 288 (1978).

Here, Respondent's exhibits show that Petitioner was charged by amended information of committing perjury in an official proceeding and perjury by contradictory statements in October of 2005 in Sumter County, Florida, which is located in the Fifth

Judicial Circuit Court, where Petitioner was ultimately tried by a jury and convicted.  See Exh. A.  Further, a claim concerning extradition does not invalidate the jurisdiction of a trial court over a criminal defendant.  See Harden v. Pataki, 320 F.3d 1289, 1296-97 (11th Cir. 2003) (explaining role of state court in reviewing habeas corpus challenge to extradition).

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The Florida Attorney General is dismissed from this action as a named Respondent.

2.  The Petition for Writ of Habeas Corpus is **DISMISSED** as unexhausted and procedurally defaulted, or in the alternative **DENIED** on the merits.

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted).   Petitioner has not made the requisite showing in these circumstances.   Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___7th___ day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: ftmp-1
Copies: All Parties of Record

- 14 -